**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANGELEDITH SARAMAYLENE SMITH
and TANA CHRIS LAWRENCE,

Defendants - Appellants.

Nos. 14-30080, 14-30081

D.C. No. 3:12-cr-00538-BR-2

MEMORANDUM*

Appeals from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted October 13, 2015
Portland, Oregon

Before: TASHIMA, GILMAN,** and BEA, Circuit Judges.

Angeledith Smith and Tana Lawrence (Defendants) tortured and killed Faron

Kalama on the Warm Springs Indian Reservation in the fall of 2012. They eventually

---

* This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

** The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S. Court of
Appeals for the Sixth Circuit, sitting by designation.

pleaded guilty to first-degree murder. As part of the plea agreements, the government promised to recommend a sentence of no more than 35 years in prison and Defendants agreed to recommend a sentence of no less than 25 years in prison. Defendants accepted the plea agreements and waived their right to appeal any aspect of their sentences despite their acknowledgment that the district court would not be bound by these recommendations. The district court ended up imposing life sentences on both Defendants. It explained that Defendants' conduct was among the worst it had encountered and that the government's recommended sentence did not adequately account for the brutality of their crime.

Both Defendants now appeal. They first contend that their appellate waivers are unenforceable because the government breached the plea agreements. Next, they raise several challenges to the substantive and procedural aspects of the district court's sentencing decision.

A knowing and voluntary appellate waiver is enforceable except in limited circumstances, such as when the government breaches the plea agreement that contains the waiver. *United States v. Jeronimo*, 398 F.3d 1149, 1153 & n.2 (9th Cir. 2005), *overruled on other grounds by United States v. Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). A breach can occur when the government pays lip service to its obligations under a plea agreement but nevertheless persuades a district court to

-2-

impose a harsher sentence than the one contemplated by the agreement. *United States v. Whitney*, 673 F.3d 965, 972 (9th Cir. 2012).

In the present case, the government agreed to recommend a sentence of no more than 35 years. At the sentencing hearing, however, the government stated that Defendants' crime was worse than other murders that had resulted in 35- or 40-year sentences. The government also noted that Defendants' crime could have carried the death penalty under state law. Finally, the government stated that Defendants' crime was one of the worst murders that had occurred in the court's judicial district in at least the last 14 years.

The government maintains that these statements were simply intended to rebut Defendants' arguments in favor of a 25-year sentence, but the statements could have easily influenced the district court to impose a harsher sentence than that which the government had agreed to recommend. Ultimately, however, we need not resolve whether a breach of the plea agreement occurred because Defendants are not entitled to relief even if we consider their appeal on the merits. We will therefore assume without deciding that a breach did occur and that Defendants' appellate waivers are therefore unenforceable.

On the merits, Defendants first argue that the government's alleged breach of the plea agreements justifies vacature of their sentences. They did not raise this claim

before the district court, however, so the plain-error standard of review applies. *See Whitney*, 673 F.3d at 970. Defendants must therefore establish that a "clear or obvious" error occurred and that the error affected their "substantial rights." *See Puckett v. United States*, 556 U.S. 129, 135 (2009). An error impacts a defendant's "substantial rights" only if there is "a reasonable probability" that the error affected the outcome of the sentencing. *United States v. Gonzalez-Aguilar*, 718 F.3d 1185, 1189 (9th Cir. 2013).

Defendants cannot satisfy this standard because the proceedings below indicate that the district court reached its decision without reliance on the government's statements. Instead, the court became familiar with the brutality of Defendants' crime by presiding over their extensive change-of-plea hearings and by reviewing Defendants' detailed Presentence Reports. The court thus had an ample independent basis for concluding that Defendants' crime warranted a harsh sentence, leaving no reasonable probability that the government's alleged breach affected the outcome of the sentencing.

Defendants next argue that the district court violated their due process rights by not providing advance notice of (1) its intent to impose an upward sentencing variance, and (2) the grounds upon which that variance was based. This court's precedent forecloses Defendants' argument. In *United States v. Christensen*, 732 F.3d 1094 (9th Cir. 2013), this court held that "[a] district court is not required—either by

the Federal Rules of Criminal Procedure or by the Due Process Clause—to give advance notice of its intent to impose a sentence outside the advisory Guidelines range." *Id.* at 1102. It also concluded that the district court "committed no error, much less plain error, by failing to provide advance notice of the precise grounds upon which the 19–month upward variance to [defendant's] sentence was based." *Id.*

In the present case, the district court considered the Guidelines range and then applied an upward variance to impose sentences outside that range. Consistent with *Christensen*, the court "[was] not required—either by the Federal Rules of Criminal Procedure or by the Due Process Clause—to" give "advance notice of its intent to do so," or to "provide advance notice of the precise grounds upon which the . . . upward variance . . . was based." *Id.* There was thus no error entitling Defendants to relief.

Defendants next argue that the imposition of life sentences violated the Eighth Amendment's prohibition on cruel and unusual punishment. They principally rely on *Graham v. Florida*, 560 U.S. 48 (2010), and *Atkins v. Virginia*, 536 U.S. 304 (2002). The Supreme Court ruled in the first case that the Eighth Amendment "prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide." *Graham*, 560 U.S. at 82. It ruled in the second case that the Eighth Amendment forbids "the execution of mentally retarded criminals." *Atkins*, 536 U.S. at 321. But neither Defendant in this case is a juvenile or mentally retarded. In addition, both Defendants in this case committed a homicide and neither Defendant

has been sentenced to death. *Graham* and *Atkins* are consequently inapplicable to Defendants' case. Their Eighth Amendment claim is also without merit because life imprisonment is the presumptive penalty for first-degree murder. *See* 18 U.S.C. § 1111(b) ("Whoever is guilty of murder in the first degree shall be punished by death or by imprisonment for life . . . .").

Defendants finally contend that their sentences were improperly influenced by consideration of other crimes committed in the District of Oregon. They did not raise this claim before the district court, however, so the plain-error standard of review is again applicable. Defendants must therefore show a "reasonable probability" that the district court's consideration of other crimes affected the outcome of their sentencing. *See Gonzalez-Aguilar*, 718 F.3d at 1189. The court, however, dismissed the other crimes that it considered as "not . . . reasonably comparable" to Defendants' crime. It then explained that the need to impose a comparable sentence in this case was an "academic" issue that was "[not] a factor that really provide[d] any help" in determining the correct sentence. The consideration of other crimes thus appears to have played little if any role in the district court's sentencing decision, so Defendants cannot prevail under the plain-error standard of review.

For all of the above reasons, WE AFFIRM the sentence in each case.